Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 19, 2011, convicting defendant John F. Haggerty, Jr., after a jury trial, of grand larceny in the second degree and money laundering in the second degree and sentencing him to an aggregate term of lVs years, with $750,000 in restitution, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5). Judgment, same court, Justice and date, convicting defendant Special Election Operations, LLC of money laundering in the second degree, and imposing a conditional discharge, unanimously affirmed.
The verdict was based on legally sufficient evidence, and there was no unlawful variance between the indictment and the proof. The indictment, the proof at trial, the prosecutor’s summation and the court’s instructions were all based on the theory that defendant Haggerty stole money from Mayor Bloomberg by making false representations that the money that the Mayor transferred to the Independence Party would be used for an extensive ballot security operation costing about $1.1 million. *439 Although the Mayor could not have controlled how the Independence Party used that money, the theft was committed when Haggerty used false representations to cause the Mayor to transfer the money to the Party. While Haggerty also deceived the Independence Party into believing that it was paying a vendor for ballot security services when it transferred the money to Haggerty’s shell corporation, the Mayor remained the true victim of Haggerty’s deception. Accordingly, the evidence established a theft from the Mayor, as charged in the indictment (compare People v Grega, 72 NY2d 489 [1988]). Haggerty’s assertion that the jury convicted him on an improper theory is based on speculative inferences from jurors’ notes.
Since the transfer of the money from the Mayor to the Independence Party was the larceny, the evidence also proved defendants’ guilt of money laundering, based on the transfer of the proceeds of the larceny from the Independence Party to the shell corporation. The evidence supports the conclusion that the transfer was designed in whole or in part to “conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds” of the preexisting larceny (Penal Law § 470.15 [1] [b] [ii] [A]).
The court properly exercised its discretion in denying defendants’ mistrial motion, made when the prosecutor addressed a remark to the court during a colloquy on a matter of law, but within the hearing of the jury, that impinged on Haggerty’s right to refrain from testifying. The jury is presumed to have followed the court’s prompt curative instruction, as well as its other instructions to draw no unfavorable inference from Haggerty’s failure to testify (see People v Davis, 58 NY2d 1102, 1104 [1983]).
We have considered and rejected defendants’ arguments concerning the best evidence rule (see generally Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]). Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.